**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**AMY BECKWITH,**

                       **Plaintiff,**

    vs.                                            **6:13-cv-01095
                                                      (MAD/CFH)**

**CAROLYN W. COLVIN,**
*as Commissioner of Social Security*,

                       **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OFFICE OF PETER W.**                      **PETER W. ANTONOWICZ, ESQ.**
**ANTONOWICZ**
148 West Dominick Street
Rome, NY 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **HEETANO SHAMSOONDAR, ESQ.**
Office of Regional General Counsel Region II
26 Federal Plaza, Room 3904
New York, NY 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff Amy Beckwith brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Plaintiff moves for a finding of disability, and the Commissioner cross-moves for judgment on the pleadings. *See* Dkt. Nos. 15, 18. This matter was referred to United States Magistrate Judge Christian F. Hummel for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

Plaintiff protectively filed an application for DIB benefits on July 2, 2010, alleging a disability onset date of June 24, 2010. *See* Dkt. No. 9 at 172-186. On September 24, 2010, Plaintiff's application was initially denied, and upon Plaintiff's request, a hearing was held on September 6, 2011 and January 30, 2012. *See id.* at 38-67. On February 28, 2012, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* Plaintiff timely filed a request for a review of the ALJ's unfavorable hearing decision. *Id.* at 15-16 The Appeals Council denied review by letter dated August 9, 2013, thereby making the ALJ's decision the final determination of the Commissioner. *Id.* at 9-14. Plaintiff commenced this action seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1.

In his February 3, 2015 Report-Recommendation and Order, Magistrate Judge Hummel found that the ALJ did not specify, and it could not be gleaned from the records, the contradiction between the treating records and clinical findings of Dr. Tallandini, Plaintiff's primary care physician, which the ALJ stated as the basis for giving little to no weight to that physician's opinion. *See* Dkt. No. 19 at 18-21. Further, the Magistrate Judge found that the ALJ failed to fully develop the administrative record because further inquiry of Dr. Tallandini could have provided support and sufficient explanation of the medical opinion and a neurological evaluation was necessary for proper determination of Plaintiff's cognitive impairments. *See id.* at 18-21. Magistrate Judge Hummel also concluded that the credibility assessment of Plaintiff was based on an incomplete record and would have to be re-evaluated in light of any new evidence adduced. *See id.* at 21-22. Magistrate Judge Hummel recommended that the Court vacate the

Commissioner's decision and that the matter be remanded for further proceedings. *See id.* at 22-23. Neither party objected to Magistrate Judge Hummel's Report-Recommendation and Order.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report-recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific

objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the ALJ improperly discounted the treating physician's opinions without sufficient explanation, and the ALJ failed to fully develop the record by ordering a neurological evaluation and inquiring further with Plaintiff's treating physician. Accordingly, the ALJ's credibility assessment of Plaintiff and determination of no disability were undermined. As such, the Court finds that Magistrate Judge Hummel correctly determined that the decision of the Commissioner should be vacated and the matter be remanded.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's February 3, 2015 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and this matter is **REMANDED** for further proceedings consistent with Magistrate Judge Hummel's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 25, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge